UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIA OLIVIA MARTINEZ, § § § Plaintiff, § VS. § CIVIL ACTION NO. 5-09-135 § PHILIP HOLZKNECHT, M.D., § § § Defendant. § | |

MARIA OLIVIA MARTINEZ, §
§
§
Plaintiff, §
VS. § CIVIL ACTION NO. 5-09-135
§
PHILIP HOLZKNECHT, M.D., §
§
§
Defendant. §

## OPINION AND ORDER

Pending before the Court is Defendant Philip Holzknecht's (Defendant) Motion for Summary Judgment. [Dkt. No. 14].[1] After considering the pleadings, motions, responsive filings, and applicable governing law, Defendant's Motion for Summary Judgment is hereby **GRANTED**.

**I.     RELEVANT FACTS AND PROCEDURAL HISTORY**

This case involves a healthcare liability action that was brought against Defendant by Maria Olivia Martinez (Plaintiff) on November 13, 2009 in the 111th Judicial District Court for Webb County, Texas. [Dkt. No. 1]. On December 11, 2009 the case was removed to this Court based on the diversity of the parties. [*Id.*]. In Plaintiff's Original Petition, Plaintiff claims that Defendant was negligent in performing a knee replacement surgery on Plaintiff in September of 2007 at Doctors Hospital in Laredo, TX. [*Id.* at 11]. Plaintiff claims that the knee replacement device implemented during the surgery was the wrong size and improperly installed, and also that the peroneal nerve was negligently severed during the surgery. [*Id.*]. Plaintiff claims that she has suffered permanent nerve damage resulting in "nearly complete loss of control over her

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing.

right foot" and contends that a second knee replacement surgery was required to remedy her injuries. [*Id.*]. Plaintiff contends that Defendant's negligence is the proximate cause of her injuries. [*Id.*].

On August 31, 2010, Defendant filed the pending Motion for Summary Judgment. In the motion, Defendant claims that Plaintiff has not properly designated an expert to opine on the applicable standard of care, negligence, and causation, as required by Texas law. Thus, Defendant claims "that there are no genuine issues of material facts with respect to negligence, proximate cause, and damages" and concludes that "Defendant is entitled to Judgment as a matter of law." [Dkt. No. 14 at 3]. One month after Defendant filed his motion for summary judgment, Plaintiff filed an untimely response. [Dkt. No. 17].

## II. DISCUSSION

### A. *Standard for Summary Judgment*

The Federal Rules of Civil Procedure provide that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendant, as movant, must meet the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those facts which might affect the outcome of the suit in light of the governing law. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). "[T]he burden on the moving party may be discharged by "showing" –that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.

After a properly supported motion for summary judgment has been filed, the non-moving party may oppose the motion with a responsive pleading that sets out specific facts in an attempt to show that a genuine issue exists between the parties and that the case should go to trial. Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.* That being said, a nonmoving party's failure to oppose a motion for summary judgment is not, in and of itself, a reason to grant the motion. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Whether or not a response was filed, the court must decide if the movant has met their burden of establishing the absence of a genuine issue of material fact. *Id.* In making this decision, a district court may accept as undisputed the facts in support of an unopposed motion. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

**B.** *Plaintiff's Untimely Response to Defendant's Motion for Summary Judgment*

According to the federal rules "a party opposing the [summary judgment] motion must file a response within 21 days after the motion is served." FED. R. CIV. P. 56(c)(1)(B). Local Rule 7.4 adds that "[f]ailure to respond will be taken as a representation of no opposition" and that "[r]esponses to motions. . . [m]ust be filed by the submission day." S.D. Tex. L.R. 7.4. Defendant filed his motion for summary judgment on August 31, 2010, making the submission date for Plaintiff's response September 21, 2010. [Dkt. No. 14]. Plaintiff did not in fact file her response until September 29, 2010, eight days past the deadline. [Dkt. No. 17]. Notwithstanding her untimely filing, Plaintiff gave no explanation for her late response nor did she seek leave of the Court to file her response well past the submission date. [*Id.*].

On October 9, 2010, Plaintiff filed a Motion for Leave to File Response to Motion for Summary Judgment asserting various grounds for the failure to file a timely response. [Dkt. No.

20]. One of the grounds asserted is that Plaintiff did not receive an expanded report from her expert, despite a timely request, until after the deadline for filing the response to Defendant's motion for summary judgment. A careful review of Plaintiff's amended expert report shows this is clearly a false representation. The expanded report was attached to the untimely response, filed September 29, 2010, and shows it was faxed to Plaintiff's office on September 21, 2010, at 12:32 p.m., clearly with sufficient time to respond timely to Defendant's motion for summary judgment. [*See* Dkt. No. 17-9, p. 3 of 6]. The Court has carefully considered Plaintiff's motion and finds Plaintiff's failure to timely file a response without merit. Said motion is denied.

Plaintiff has further filed a Motion for Leave to File Amended Expert Report & Designation of Non-Retained Witnesses. [Dkt. No. 21]. In this motion, Plaintiff confuses the production of the original report with her obligation pursuant to the Federal Rules of Civil Procedure and this Court's scheduling order. No good cause having been shown for the failure to comply with either, Plaintiff's motion for leave is denied.

Because Plaintiff's response is untimely, Defendant's summary judgment motion is treated as unopposed. Thus, in determining whether there remains a genuine issue of material fact, the Court will only consider "the pleadings, the discovery and disclosure materials on file, and any affidavits" that were before the court when the deadline to respond to Defendant's motion for summary judgment expired.

### C. *Analysis*

Texas substantive law applies to the resolution of a medical malpractice claim that is before the court based on diversity jurisdiction. *Patel v. Baluyot*, 2010 WL 2724858, at *3 (5th Cir. 2010) (unreported); see also *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427. In Texas, a plaintiff alleging negligence in a medical malpractice action bears the burden of proving

1) a duty by the physician to act according to an applicable standard of care; 2) breach of that standard of care; 3) injury; and 4) a causal connection between the breach and the injury. *Quijano v. U.S.*, 325 F.3d 564, 567. Unless the treatment provided by the defendant-physician is a matter of common knowledge or within the layman's experience, expert testimony is required in order for the plaintiff to meet their burden of proof. *Patel* 2010 WL 2724858 at *3 (citing *Hood v.* Phillips, 554 S.W. 2d 160, 165-66 (Tex. 1977).

In the motion pending before the Court, Defendant asserts that Plaintiff has not met her burden of establishing the applicable standard of care, breach of that standard, and that Defendant was the proximate cause of Plaintiff's injury. [Dkt. No. 14]. While Defendant need not support his motion with additional evidence, in order to defeat the motion Plaintiff "must present evidence sufficient to establish the existence of each element of [her] claim as to which [s]he will have the burden of proof at trial." *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 565 (5th Cir. 1995) (citing *Celotex Corp.*, 477 U.S. at 322). Thus, in order to defeat Defendant's motion for summary judgment, Texas law requires that Plaintiff produce an expert to testify to the standard of care applicable to knee replacement surgery, Defendant's breach of that standard, and the causal link between Defendant's breach and Plaintiff's injury. A careful review of Defendant's summary judgment evidence demonstrates an absence of a genuine issue of material fact as to each of the required elements. Because Plaintiff has not provided expert testimony sufficient to establish the existence of each element of her claim for which she has the burden of proof at trial, Defendant is entitled to summary judgment.

## II. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Dkt. No. 14] is **GRANTED**. A separate final judgment will issue.

IT IS SO ORDERED.

DONE this 21st day of October, 2010, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE